**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **MARY RAMOS RAMOS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00342** |
| | § | |
| **PAM BONDI,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Mary Ramos Ramos's ("Petitioner") Emergency Motion for Temporary Restraining Order and Expedited Injunctive Relief, (Dkt. 13). Respondents filed a response in opposition. (Dkt. 15.)

For the reasons discussed below, Petitioner's Emergency Motion for Temporary Restraining Order and Expedited Injunctive Relief, (Dkt. 13), is **DENIED**.

## Background

Petitioner is a noncitizen who has resided in the United States for nearly three years. (*See* Dkt. 1 at 12.) Petitioner was apprehended by immigration authorities when she entered the United States in October of 2023 and was subsequently paroled into the country for a period of two years. (*Id.*; Dkt. 7 at 2.) Years later, she was apprehended by immigration authorities and taken into custody on January 15, 2026. (Dkt. 1 at 13.) Removal proceedings were initiated and remain pending at this time. (Dkt. 7 at 2–3.) On March 23, 2026, the Court granted Petitioner's Habeas Petition, (Dkt. 1), pursuant to the Due Process Clause of the Fifth Amendment, and she was ordered immediately released from custody under "reasonable conditions of release." (*See* Dkt. 9 at 5.)

Thereafter, Petitioner was released from custody on March 24, 2026, under the Alternatives to Detention ("ATD") program and granted parole for a period of one year. (Dkt. 15 at 1.) Petitioner was released from custody with a GPS ankle monitor pursuant to the ATD program. (*Id.* at 2.)

Petitioner filed her Emergency Motion for Temporary Restraining Order and Expedited Injunctive Relief on April 10, 2026. (Dkt. 13.) In her pending motion, Petitioner asks that the Court issue a temporary restraining order and an injunction ordering Respondents to remove the ankle monitor and to delete the ankle monitor requirement as a condition of her continued release. (*Id.* at 4.) No affidavit or other supporting evidence is submitted with the motion. (*See generally* Dkt. 13.) The Court ordered Respondents to respond to Petitioner's motion on or before April 27, 2026. (Dkt. 14.) Respondents filed a timely response opposing the motion and arguing that the ATD program as utilized by Immigrations and Customs Enforcement ("ICE") consists of the Intensive Supervision Appearance Program ("ISAP") that includes the use of GPS electronic monitoring or ankle monitoring as a means of compliance. (Dkt. 15 at 2.)

## **Discussion**

To warrant a temporary restraining order or injunctive relief, a movant must show (a) a likelihood of success on the merits, (b) irreparable harm absent relief, (c) the balance of equities in her favor, and (d) the public interest supports relief. *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). A preliminary injunction or temporary restraining order is an extraordinary remedy. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Relief should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors. *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). Courts have wide discretion with respect to whether to grant preliminary injunctions. *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987).

While Petitioner contends that she merits a temporary restraining order and injunctive relief because she meets all four factors, Petitioner makes no argument, either factually or legally, that she is likely to prevail on the merits. Instead, she argues that she is not a flight risk and was granted immigration parole in 2023 upon her arrival in Miami. (Dkt. 13 at 5–6.) Additionally, Petitioner claims that requiring her to wear the ankle monitor without an individualized, pre-deprivation process "reflects an abuse of power and violates constitutional due process principles." (*Id.* at 6.) However, she provides no case law or other authority in support of her conclusory assertions and, therefore, does not meet her burden of persuasion on her likelihood of success on the merits.

Regarding irreparable harm, Petitioner states that she and her family have suffered significant emotional harm and family separation in detention. (*Id.* at 6.) She elaborates that the ankle monitor requirement "compounds these harms and chills liberty interests that cannot be remedied by money damages." (*Id.*) While the Court is sympathetic to her alleged harm, Petitioner presents neither factual evidence nor case law or other authority in support of her argument, and her conclusory claim does not meet her burden of persuasion. (*Id.*)

Lastly, Petitioner claims that the balance of equities and public interest favor relief. She states that she "seek[s] only to remove unnecessary electronic restraints and to return to the non-restrictive, pre-detention conditions. Petitioner's demonstrated compliance with her parole and her community ties—including employment authorization—confirm that less restrictive means adequately serve any government interests. The public interest favors constitutional compliance and proportionate, individualized supervision." (*Id.*) As with her earlier arguments, Petitioner presents neither factual evidence nor case law or other authority in support of her argument, and her conclusory claim does not meet her burden of persuasion.

As such, Petitioner has not met her burden of persuasion or proof as to warranting a temporary restraining order or injunctive relief at this time.

## CONCLUSION

Accordingly, Petitioner's Emergency Motion for Temporary Restraining Order and Expedited Injunctive Relief, (Dkt. 13), is **DENIED**. The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

SIGNED this August 12, 2026.

Diana Saldaña
United States District Judge